1  **WO**

2

3

4

5

6       **IN THE UNITED STATES DISTRICT COURT**

7         **FOR THE DISTRICT OF ARIZONA**

8

9

10  **SEAN ROY SHARKEY,            )  No. CV-05-1842 PHX SMM (VAM)**
                                 **)**
11         **Plaintiff,          )  ORDER**
                                 **)**
12  **v.                          )**
                                 **)**
13                               **)**
    **MARICOPA COUNTY BOARD OF    )**
14  **SUPERVISORS, JOE ARPAIO, in )**
    **his official capacity as    )**
15  **Maricopa County Sheriff,    )**
                                 **)**
16         **Defendants.          )**
    _____**)**

17

18       Before the Court is Defendant's motion to dismiss

19  Plaintiff's complaint. (Doc. 10).  For the reasons set forth

20  below, the Court will deny the motion without prejudice.

21                    **Background**

22     Plaintiff filed a *pro se* civil rights complaint on June

23  17, 2005, alleging Defendants violated his civil rights while

24  Plaintiff was detained at the Maricopa County Durango Jail.

25  (Doc. 1).  On August 10, 2005, the Court ordered Defendant

26  Arpaio  to  answer  Plaintiff's  allegation  that  Defendant

27  violated Plaintiff's Eighth Amendment rights by subjecting him

28  to overcrowded and unsanitary living conditions at the jail

1 and by denying him adequate medical treatment.  (Doc. 5).

2    Defendant waived service and filed a motion to dismiss on

3 October 19, 2005.  (Doc. 8).  Defendant asserts that the

4 complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a)

5 because Plaintiff failed to fully exhaust his administrative

6 remedies by pursuing his claims through the entire Maricopa

7 County jail inmate grievance process prior to filing his §

8 1983 complaint.  Id.  Plaintiff filed a response to the motion

9 to dismiss on November 21, 2005, stating that he did not

10 exhaust administrative remedies with regard to two of his

11 claims because he was prevented from doing so by jail

12 officials.   (Doc. 11).   Plaintiff also asserts that his

13 administrative grievance with regard to his other claim was

14 pursued to the highest level available to him and that the

15 claim was not resolved by the administrative procedure.  Id.

16 Defendant filed a reply to Plaintiff's response on November

17 23, 2005.  (Doc. 12).

18                          **Discussion**

19    Exhaustion of administrative remedies is governed by the

20 Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

21 This statute provides that "[n]o action shall be brought with

22 respect to prison conditions under section 1983 ... by a

23 prisoner confined in any jail, prison, or other correctional

24 facility until such administrative remedies as are available

25 are exhausted."  42 U.S.C. § 1997e(a) (2003 & Supp. 2005).  An

26 inmate must exhaust available remedies "irrespective of the

27 forms of relief sought and offered through administrative

28 avenues."   Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

1   The exhaustion requirement "applies to all inmate suits about

2   prison life, whether they involve general circumstances or

3   particular episodes."   Porter v. Nussle, 534 U.S. 516, 532

4   (2002).   To fully exhaust a section 1983 claim, a prisoner

5   must pursue his grievance to the highest administrative level

6   available to him.   See Thomas v. Woolum, 337 F.3d 720, 726

7   (6th Cir. 2003); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th

8   Cir. 1999); Morgan v. Maricopa County, 259 F. Supp. 2d 985,

9   990-91 & n.13 (D. Ariz. 2003).

10      Exhaustion is an affirmative defense and Defendant has

11   "the burden of raising and proving the absence of exhaustion."

12   Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   The

13   failure to exhaust administrative remedies under the PLRA is

14   treated as a matter in abatement and is properly raised in an

15   unenumerated Rule 12(b) motion.   Id.   "In deciding a motion to

16   dismiss for a failure to exhaust nonjudicial remedies, the

17   [C]ourt may look beyond the pleadings and decide disputed

18   issues of fact."   Id. at 1119-20.   If the Court concludes that

19   Plaintiff "has not exhausted nonjudicial remedies, the proper

20   remedy is dismissal of the claim without prejudice."   Id. at

21   1120.

22      The PLRA only requires that administrative remedies which

23   are "available" to a prisoner be exhausted prior to bringing

24   suit.   42 U.S.C. § 1997e(a) (2003 & Supp. 2005).   Because the

25   statute requires the remedy to be "available" to the prisoner,

26   it is possible for a prisoner to exhaust his administrative

27   remedies without his claims being denied at the highest level

28   of administrative review specified by the relevant inmate

1  grievance policies.  See Mitchell v. Horn, 318 F.3d 523, 529

2  (3d Cir. 2003) (holding that the district court erred by

3  dismissing an inmate's § 1983 claim based on his failure to

4  exhaust because the court did not consider the inmate's

5  allegation that prison officials refused to provide him

6  grievance forms).  Federal courts have held that "a remedy

7  that prison officials prevent a prisoner from 'utilizing' is

8  not an 'available' remedy under § 1997e(a)[.]"  Miller v.

9  Norris, 247 F.3d 736, 740 (8th Cir. 2001) (alteration

10  omitted); see also Brown v. Valoff, 422 F.3d 926, 935 (9th

11  Cir. 2005) ("The obligation to exhaust 'available' remedies

12  persists as long as some remedy remains 'available.'")

13  (emphasis in original).

14      In the motion to dismiss, Defendant contends that

15  Plaintiff did not exhaust his administrative remedies because

16  he did not file an external grievance appeal, i.e., an appeal

17  of any adverse decision by the Maricopa County Sheriff's

18  Office Hearing Officer, the final step in the grievance

19  process, regarding any of the claims stated in his § 1983

20  action.  (Doc. 11).  Defendant acknowledges that Plaintiff

21  filed several grievances regarding medical treatment.  Id.,

22  Exh. 1.  Defendant avers that inmate grievances are not

23  ignored, and that inmates are not limited with regard to the

24  issues they may grieve.  Id., Exh. 1. Defendant produces

25  inmate grievances regarding jail overcrowding and unsanitary

26  living conditions which jail inmates pursued to the highest

27  level of the grievance process, by pursuing an external

28  grievance appeal.  Id., Exh. 1, Attach. B.

1    In his complaint, Plaintiff asserts he was told the

2 issues of unsanitary living conditions and jail overcrowding

3 were not grievable issues, and that he pursued a grievance

4 regarding his medical treatment claim as far as he was

5 allowed.   (Doc. 1).   In response to Defendant's motion to

6 dismiss, Plaintiff asserts he repeatedly asked for grievance

7 forms to complain of the conditions at the jail and that he

8 was denied grievance forms

9         because [the jail detention officers] claimed that
          my issues were in the process of being remedied in
10        the form of the opening of the Lower Buckeye Jail
          and thus not grievable.  When I did manage to obtain
11        the paperwork, the officers simply refused to sign
          or accept it and this was an effective "roadblock"
12        that I had no way around.
          Furthermore, the Defendants motion claims that in
13        Count II of my complaint I did file a grievance but
          failed to exhaust all administrative remedies.   In
14        this case I took the process all the way to step
          five, which is the final step in the grievance
15        process...I was told that the captain...would make
          the final decision because in step 5 the Bureau
16        Hearing Officer was unable to make a decision...I
          was later told that no further decision was coming
17        and that the time limit to appeal the Hearing
          Office[r]s "decision" had expired.
18
(Doc. 11).
19
         Plaintiff attaches a copy of a grievance regarding
20
inadequate medical treatment which he appealed to the Bureau
21
Hearing Officer; Plaintiff received a response from the Bureau
22
Hearing Officer on March 8, 2005, indicating no resolution of
23
the issue was reached.   Id., Attach.   The grievance form
24
signed by Plaintiff on March 8, 2005, states that, if an
25
inmate "is not satisfied with the Hearing Officer's
26
resolution," he should "submit an inmate institutional
27
Grievance Appeal Form within 24 hours of receipt to the
28

1 | Jail/Division Commander through the Hearing Officer."   <u>Id.</u>,
2 | Attach.

3 | In his reply to Plaintiff's response, Defendant asserts
4 | that Plaintiff has presented no evidence that his right to due
5 | process was denied.   (Doc. 12).   Defendant avers that jail
6 | inmates are not limited with regard to the issues they may
7 | grieve and that detention officers "liberally" distribute
8 | grievance forms.   <u>Id.</u>   With respect to Plaintiff's specific
9 | evidence, Defendant states that Plaintiff did not fully grieve
10 | his medical treatment claim because he did not pursue an
11 | external grievance appeal regarding this claim.   <u>Id.</u>

12 | Plaintiff does not assert under oath that he attempted to
13 | pursue grievances regarding his section 1983 claims by
14 | requesting grievance forms from Defendant's employees, and
15 | that Defendant's employees thwarted his efforts to grieve
16 | these complaints.   Plaintiff does not provide any specific
17 | allegation regarding a specific instance during which he
18 | requested a grievance form from a specific jail officer and
19 | was denied this access to the grievance process.   Defendant
20 | produces evidence that contradicts Plaintiff's assertion that
21 | administrative remedies were not available to Plaintiff with
22 | regard to his complaints about jail overcrowding and
23 | unsanitary living conditions.   Plaintiff acknowledges that he
24 | did not grieve his medical treatment claim to the highest
25 | administrative level available to him by filing an external
26 | grievance appeal of the Hearing Officer's decision within the
27 | 24 hour time period dictated by grievance policy and stated on
28 | the grievance form.

1    The Court concludes that, as a matter of law, Plaintiff

2 had administrative remedies available to him regarding his

3 complaints about medical treatment and overcrowded and

4 unsanitary jail living conditions, which he did not fully

5 exhaust although an administrative process was available to

6 him.  See Booth, 532 U.S. at 735; Brown, 422 F.3d at 936-37;

7 cf. Jones v. Smith, 266 F.3d 399, 399 (6th Cir. 2001)

8 (concluding that dismissal for failure to exhaust was proper

9 because the plaintiff failed to allege that the prison

10 official who refused to provide a grievance form was the only

11 source of those forms or that plaintiff made other attempts to

12 obtain a form or file a grievance without a form); Chelette v.

13 Harris, 229 F.3d 684, 688 (8th Cir. 2000) (concluding that

14 section 1997e(a) does not permit the court to consider an

15 inmate's subjective beliefs in determining whether

16 administrative procedures are "available.").   Although

17 Plaintiff grieved his medical treatment claim, Plaintiff

18 admits that he did not file an external grievance appeal

19 regarding this claim within the time allowed by the jail's

20 grievance procedures.  Compare Ngo v. Woodford, 403 F.3d 620,

21 629-31 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005).

22                          **Conclusion**

23    Plaintiff concedes that he did not fully exhaust his

24 administrative remedies regarding the claims stated in his

25 section 1983 complaint, and Defendant has presented evidence

26 to the Court that administrative remedies were available to

27 Plaintiff and that Plaintiff did, in fact, partially pursue an

28 administrative remedy related to one of the claims stated in

1  the complaint, but that Plaintiff did not fully exhaust this
2  claim.  Plaintiff does not present any admissable evidence
3  indicating that administrative remedies were not available to
4  him.  Therefore, the Court concludes that Plaintiff's
5  complaint must be dismissed without prejudice pursuant to
6  section 1997e because Plaintiff failed to exhaust his
7  administrative remedies regarding his claims prior to filing
8  his section 1983 suit.
9      **THEREFORE, IT IS ORDERED THAT** Defendants' Motion to
10  Dismiss is **GRANTED**.  (Doc. 10.)  Plaintiff's complaint is
11  hereby **dismissed without prejudice**.
12      DATED this 15th day of May, 2006.

Stephen M. McNamee
United States District Judge

- 8 -